UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL and CATHERINE BURKE,<br><br>                      Plaintiffs,<br><br>                      v.<br><br>KATE WALSH, in her official capacity as Secretary of the Massachusetts Executive Office of Health and Human Services; LINDA SPEARS, in her official capacity as Commissioner of the Massachusetts Department of Children & Families; LAURIE SULLIVAN, in her personal capacity and in her official capacity as the Area Director of the Western Regional Office of the Massachusetts Department of Children & Families; ANNA MOYNAHAN, in her personal capacity and in her official capacity as the Regional Clinical Director of the Massachusetts Department of Children & Families; THERESA HARRIS, in her personal capacity and in her official capacity as the Regional Program Manager of the Massachusetts Department of Children & Families; DAWN SWEETMAN, in her personal capacity and in her official capacity as an ADLU Supervisor of the Massachusetts Department of Children & Families; TYWANNA JONES, in her personal capacity and in her official capacity as an ADLU Social Worker for the Massachusetts Department of Children & Families; CAITLYN LEVINE, in her personal capacity and in her official capacity as a Mental Health Specialist for the Massachusetts Department of Children & Families; STACY CLARK, in her personal capacity and in her official capacity as a Quality Assurance Supervisor for the Massachusetts Department of Children & Families; and EUPHEMIA MOLINA, LUZ ESTRADA, and ANGEL EMERSON in their personal capacities and in their official capacities as License and Training Supervisors for the Massachusetts Department of Children & Families,<br><br>                      Defendants. | CIVIL ACTION<br>No. 1:23-cv-11798-MGM<br><br><br><br><br><br>**DEFENDANTS' PARTIAL MOTION TO DISMISS COMPLAINT** |

In this action, plaintiffs Catherine and Michael Burke challenge a decision by the Massachusetts Department of Children and Families ("Department") denying the Burkes' application to be licensed as foster parents. The Complaint asserts First Amendment claims against the Secretary of the Massachusetts Executive Office of Health and Human Services and Commissioner of the Department (in their official capacities) and ten Department employees (in both their official and individual capacities). Complaint (ECF No. 6) ¶¶ 21-32.

At the appropriate time, upon a developed evidentiary record, all defendants will move for judgment on the ground that they did not violate plaintiffs' First Amendment rights to free exercise of religion and free speech. For now, the ten defendants against whom plaintiffs have asserted individual-capacity claims—Laurie Sullivan; Anna Moynahan; Theresa Harris; Dawn Sweetman; Tywanna Jones; Caitlyn Levine; Stacy Clark; Euphemia Molina; Luz Estrada; and Angel Emerson—respectfully move to dismiss the individual-capacity claims pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), because the Complaint fails to set forth any particularized allegations against any of those ten defendants and because in any event those defendants enjoy qualified immunity against the individual-capacity claims. The grounds for the motion are further discussed in the defendants' accompanying Memorandum of Law.[1]

---

[1] To avoid piecemeal litigation and duplicative filings, the defendants' obligation to respond to the remainder of the Complaint (*i.e.,* the official-capacity claims) should be suspended until after this Court rules on the present motion. *See generally* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1346 (3d ed. as updated April 2023) ("majority rule" is that filing of motion to dismiss targeting parts of a complaint suspends the time to respond to the entire complaint; "minority approach would require duplicative sets of pleadings in the event that the Rule 12(b) motion is denied"); *Tingley Sys., Inc. v. CSC Consulting, Inc.*, 152 F. Supp. 2d 95, 122-123 (D. Mass. July 18, 2001) (adopting magistrate report and recommendation applying majority approach to deny motion for default judgment on claims not addressed in motion to dismiss); *Alston v. Sharpe et al.*, 2015 WL 4715340, *1-2 (D. Conn. Aug. 7, 2015) (where several state defendants filed motion to dismiss and remaining state defendants had not yet filed responsive pleading, court denied plaintiff's motion for default against non-moving defendants, noting that all defendants were jointly represented by Connecticut Attorney General

                    Respectfully submitted,

                    ANDREA JOY CAMPBELL
                    ATTORNEY GENERAL

                    */s/ Amy Spector*
                    Amy Spector (BBO No. 557611)
                    Kimberly Parr (BBO No. 679806)
                    Assistant Attorneys General
                    Government Bureau
                    One Ashburton Place
                    Boston, MA 02108
                    (617) 963-2076
                    amy.spector@mass.gov
                    kimberly.parr@mass.gov

Dated: November 7, 2023

## LOCAL RULE 7.1 CERTIFICATION

     I hereby certify pursuant to Local Rule 7.1 that I consulted with plaintiffs' counsel via telephone on November 2, 2023, but we were unable to narrow the issues presented in the above motion.

                    */s/ Kimberly Parr*
                    Kimberly Parr
                    Assistant Attorney General

## CERTIFICATE OF SERVICE

     I certify that this document, filed through the Court's ECF system on November 7, 2023, will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF).

                    */s/ Amy Spector*
                    Amy Spector
                    Assistant Attorney General

---

and had argued that "permitting them to file one joint answer after the Court rules on the motion to dismiss will avoid piecemeal litigation").