UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL and CATHERINE BURKE,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>KATE WALSH, in her official capacity as Secretary of the Massachusetts Executive Office of Health and Human Services, et al.,<br><br>　　　　　　　　　Defendants. | CIVIL ACTION<br>No. 3:23-cv-11798-MGM |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' APPLICATION FOR DEFAULT AGAINST OFFICIAL-CAPACITY DEFENDANTS AND REQUEST FOR ENLARGEMENT OF TIME TO RESPOND TO OFFICIAL-CAPACITY CLAIMS**

Defendants hereby oppose plaintiffs' application under Fed. R. Civ. P. 55(a) for default against them on the official-capacity claims asserted in the Complaint and further request that this Court enlarge their time to respond to the official-capacity claims until 14 days after the Court's ruling on the pending motion to dismiss the individual-capacity claims (ECF No. 59).

Under Fed. R. Civ. P. 55(a), the clerk must enter default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Significantly, plaintiffs chose to omit this latter phrase—"otherwise defend"—from their application for default against the official-capacity defendants. ECF No. 66, at ¶ 1. They also chose to omit from their application facts showing that (1) attorneys from the Massachusetts Attorney General's Office ("AGO") have entered their appearances on behalf of all defendants, ECF No. 52 & 54; (2) the AGO filed a motion to dismiss the individual-capacity claims and stated, in that motion, the position that the official-capacity defendants' obligation to respond to the Complaint should

be suspended until after the Court decides the motion regarding the individual-capacity claims, *see* ECF No. 59, at 2 n.1 (asserting that, "[t]o avoid piecemeal litigation and duplicative filings, the defendants' obligation to respond to the remainder of the Complaint (*i.e.,* the official-capacity claims) should be suspended until after this Court rules on the present motion"); (3) defense counsel conferred with plaintiffs' counsel about the official-capacity claims and participated in preliminary discussions with plaintiffs' counsel about discovery on those claims, *see* Declaration of Kimberly Parr ("Parr Decl."), ¶ 2; and (4) upon learning that plaintiffs' counsel disagreed with their view of the law regarding defendants' obligation to answer the official-capacity claims, defense counsel prepared a motion for enlargement of time to answer the official-capacity claims to highlight this issue for the Court's attention. *See* Parr Decl., Exh. A at 1. Instead of responding to an invitation to confer about that motion for enlargement of time, plaintiffs chose to apply for entry of default.

For these reasons, and those set forth below, the Court should deny plaintiffs' application for default and enlarge all defendants' time to answer the official-capacity claims to 14 days after the Court's ruling on the partial motion to dismiss the individual-capacity claims.

## BACKGROUND

On August 8, 2023, plaintiffs filed this lawsuit challenging a decision by the Massachusetts Department of Children and Families ("Department") declining to license them as foster parents because they had not demonstrated their ability—as all foster/pre-adoptive parent applicants in Massachusetts must—"to promote the physical, mental, and emotional well-being of a child placed in his or her care, including supporting and respecting a child's sexual orientation or gender identity" or "to respect and make efforts to support the integrity of a child's racial, ethnic, linguistic, cultural and religious background." ECF No. 6-5 at 1. The Complaint

names as defendants the Secretary of the Massachusetts Executive Office of Health and Human Services, in her official capacity; the Commissioner of the Department of Children and Families, in her official capacity; and ten employees of the Department, in both their official and individual capacities. *See id.* at ¶¶ 21-32. The undersigned counsel from the AGO entered appearances on behalf of all defendants in August 2023. ECF Nos. 52 & 54.

On November 7, 2023, after obtaining two extensions of time from this Court, *see* ECF Nos. 55 & 57, the AGO, on behalf of the ten defendants named in their individual capacities, filed a partial motion to dismiss the Complaint, with a supporting memorandum of law. ECF Nos. 59-60. Through that motion, defendants moved to dismiss the individual-capacity claims pursuant to Fed. R Civ. P. 12(b)(1) and 12(b)(6) because (1) the Complaint fails to set forth particularized allegations against any of the ten defendants named in their individual capacities and (2) those defendants enjoy qualified immunity against the individual-capacity claims. *See generally* ECF No. 59. With respect to the official-capacity claims, the AGO affirmatively stated:

> To avoid piecemeal litigation and duplicative filings, the defendants' obligation to respond to the remainder of the Complaint (i.e., the official-capacity claims) should be suspended until after this Court rules on the present motion. *See generally* 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1346 (3d ed. as updated April 2023) ("majority rule" is that filing of motion to dismiss targeting parts of a complaint suspends the time to respond to the entire complaint; "minority approach would require duplicative sets of pleadings in the event that the Rule 12(b) motion is denied"); *Tingley Sys., Inc. v. CSC Consulting, Inc.*, 152 F. Supp. 2d 95, 122-123 (D. Mass. July 18, 2001) (adopting magistrate report and recommendation applying majority approach to deny motion for default judgment on claims not addressed in motion to dismiss); *Alston v. Sharpe et al.*, 2015 WL 4715340, *1-2 (D. Conn. Aug. 7, 2015) (where several state defendants filed motion to dismiss and remaining state defendants had not yet filed responsive pleading, court denied plaintiff's motion for default against non-moving defendants, noting that all defendants were jointly represented by Connecticut Attorney General and had argued that "permitting them to file one joint answer after the Court rules on the motion to dismiss will avoid piecemeal litigation").

ECF No. 59, at 2 n.1.

Defense counsel also conferred with plaintiffs' counsel about the official-capacity claims and participated in a preliminary discussion with plaintiffs' counsel about discovery on those claims. *See* Parr Decl., ¶ 2. Even so, and without addressing the official-capacity claims in their response to defendants' partial motion to dismiss, *see* ECF No. 65, plaintiffs' counsel notified defense counsel by email on December 1, 2023, that they "believe the official capacity defendants are currently in default" and "plan to apply for a default judgment against the official capacity defendants on Tuesday [December 5, 2023], if no answer has been filed." Parr. Decl., Exh. A at 5.

Defense counsel responded on December 1, 2023, disputing plaintiffs' assertion that the official-capacity defendants were in default and proposing that the parties work collaboratively to bring the newly identified legal dispute to the Court's attention, likely through an opposed motion for enlargement of time to answer the official-capacity claims. Parr Decl., Exh. A at 4. After some additional correspondence clarifying plaintiffs' position, defense counsel notified plaintiffs' counsel on the evening of December 4, 2023, that they had prepared a motion to enlarge the defendants' time to answer the official-capacity claims. *Id.* at 1. Defense counsel continued: "I believe this email correspondence satisfies our obligation to confer; please let me know if you think otherwise and we can arrange a time to speak, preferably in the morning [of December 5th]." *Id.* Defense counsel has not received a response to this email. Parr Decl., ¶ 4.

On the morning of December 5, 2023, plaintiffs filed their application for default. ECF No. 66.

## ARGUMENT

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for entering default judgment. *First*, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default" under Rule 55(a). *Second*, in cases (like this one) that do not involve claims for a sum certain, the party seeking default must apply to the court for a default judgment, with notice to the party against whom a default judgment is sought, under Rule 55(b). Because federal law favors the disposition of cases on the merits, "a default judgment is a drastic sanction that should be employed only in an extreme situation." *Stewart v. Astrue*, 552 F.3d 26, 28 (1st Cir. 2009).

As the complete record readily shows, entry of default on the official-capacity claims is inappropriate here. Defendants have not "failed to plead or otherwise defend" against those claims. Fed. R. Civ. P. 55.(a). Rather, they have repeatedly expressed their intent to defend against *all* of plaintiffs' claims at an appropriate time and in an appropriate manner, through the appearance of counsel, the two motions for enlargement of time to answer or otherwise respond to the Complaint, the partial motion to dismiss, and communications among counsel. ECF Nos. 52, 53, 54, 56, 59; Parr Decl., ¶ 2 & Exh. A; *see Ortiz–Gonzalez v. Fonovisa*, 277 F.3d 59, 63 (1st Cir. 2002) (default judgments intended to protect diligent parties whose adversaries are clearly unresponsive); *Niemic v. Maloney*, 409 F. Supp. 2d 32, 37-38 (D. Mass. 2005) (denying motion for entry of default and default judgment upon finding that State defendants "adequately indicated their intent to defend against plaintiff's claims and their motions for extensions of time to answer the complaint were sufficiently supported by good cause"); *Norris v. Moroney*, No. 22-cv-10660, 2022 WL 15523478, *3 (D. Mass. Oct. 27, 2022) (finding "no ground for the

drastic sanction of default" where counsel filed timely notices of appearance on behalf of State defendants and "a partially untimely motion for an extension of time to respond"). The AGO also specifically addressed the official-capacity claims in the partial motion to dismiss, stating that "defendant's obligation to respond to the remainder of the Complaint (i.e., the official-capacity claims) should be suspended until after this Court rules on the present motion." ECF No. 59, at 2 n.1. To the extent plaintiffs may disagree with that position or how it was asserted, they were free to respond in their opposition to the partial motion to dismiss or some other motion. But they are not entitled to entry of default under Rule 55(a). *See, e.g., Alston v. Sharpe et al.*, 3:13–CV–0001, 2015 WL 4715340, *1-2 (D. Conn. Aug. 7, 2015) (denying plaintiff's motion for default where several state defendants filed motion to dismiss and remaining state defendants had not yet filed responsive pleading; noting that all defendants were jointly represented by Connecticut Attorney General and had argued that "permitting them to file one joint answer after the Court rules on the motion to dismiss will avoid piecemeal litigation"); *Buckles v. Focus on Innovation, Inc.*, No. 6:13–cv–1198–Orl–36TBS, 2013 WL 5305683, *3 (M.D. Fla. Sept. 20, 2013) (denying motion to default upon finding that targeted defendant had "otherwise defend[ed]" against the complaint by appearing jointly with other defendants through counsel and filing two papers, and because all defendants likely would file a joint answer).

      As to the crux of the parties' dispute (*i.e.,* the timeline in which defendants must answer the official-capacity claims), defendants reiterate the request made in the partial motion to dismiss. During the time period relevant to the Complaint, all of the defendants were officials or employees of the Department; and they are all represented by the AGO. In the interest of judicial economy and efficiency, the Court should allow them to present their defense jointly, starting with a consolidated answer on behalf of all defendants following the Court's ruling on the

pending motion to dismiss. The alternative—requiring defendants to answer the official-capacity claims now and the individual-capacity claims in the future, in the event the Court denies the partial motion to dismiss—runs a significant risk of resulting in multiple pleadings, piecemeal litigation, and a two-track litigation schedule, with the official-capacity claims proceeding separately from the individual-capacity claims that allegedly arise from the same set of facts. Given the length of the Complaint, which includes 211 paragraphs of allegations and 35 pages, forcing the State defendants, represented by the same counsel, to file separate pleadings also would result in unnecessary expense and wasted time.

Conversely, allowing the AGO to file a single, omnibus answer after the Court rules on the partial motion to dismiss would promote the "just, speedy, and inexpensive determination" of this action. *See* Fed. R. Civ. P. 1. It also will not prejudice the parties or the administration of justice because the Court has not yet scheduled a case management conference.

## **CONCLUSION**

For the foregoing reasons, the official-capacity defendants respectfully request that plaintiffs' application for entry of default under Rule 55(a) be denied and that the Court enlarge their time to answer the Complaint until 14 days after the Court's ruling on the partial motion to dismiss.

Respectfully submitted,

KATE WALSH, in her official capacity as Secretary of the Massachusetts Executive Office of Health and Human Services, et al.,

By their attorneys,

ANDREA JOY CAMPBELL
ATTORNEY GENERAL


/s/ Kimberly Parr
Amy Spector (BBO No. 557611)
Kimberly Parr (BBO No. 679806)
Assistant Attorneys General
Government Bureau
One Ashburton Place
Boston, MA 02108
(617) 963-2076
amy.spector@mass.gov
kimberly.parr@mass.gov

Dated: December 6, 2023

### CERTIFICATE OF SERVICE

I certify that this document, filed through the Court's ECF system on December 6, 2023, will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Kimberly Parr
Kimberly Parr
Assistant Attorney General