UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL and CATHERINE BURKE,<br><br>Plaintiffs,<br><br>v.<br><br>KIAME MAHANIAH, in his official capacity as Secretary of the Massachusetts Executive Office of Health and Human Services, *et al*.<br><br>Defendants. | CIVIL ACTION<br>No. 3:23-cv-11798-MGM |

**OFFICIAL CAPACITY DEFENDANTS'**
**MOTION TO DISMISS PLAINTIFFS' OFFICIAL CAPACITY CLAIMS**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendants Kiame Mahaniah,[1] Staverne Miller,[2] Anna Moynahan, Theresa Harris, Dawn Sweetman, Tywanna Jones, Caitlyn Levine, Stacy Clark, Euphemia Molina, Luz Estrada, and Angel Emerson, in their official capacities as employees of the Massachusetts Department of Children and Families ("DCF") (hereinafter, the "Official Capacity Defendants"), respectfully move to dismiss all of Plaintiffs' claims against them in their official capacities for lack of subject-matter jurisdiction based on

---

[1] At the time that this action was filed, Kate Walsh was Secretary of the Executive Office of Health and Human Services and she was sued in her official capacity only. Pursuant to Fed. R. Civ. P. 25(d), Kiame Mahaniah, who became Secretary in July 2025, is automatically substituted as a defendant for former Secretary Walsh with respect to the official-capacity claims against the Secretary.

[2] At the time that this action was filed, Linda Spears was Commissioner of the Department of Children and Families and she was sued in her official capacity only. Pursuant to Fed. R. Civ. P. 25(d), Staverne Miller, who became Commissioner in August 2024, is automatically substituted as a defendant for former Commissioner Spears with respect to the official-capacity claims against the Commissioner.

1

mootness. Because Secretary Mahaniah and Commissioner Miller are named in their official capacities only, they move to be dismissed entirely as Defendants.

The Burkes' official capacity claims are moot. The Burkes have moved to Florida, and so DCF is no longer permitted to issue them an unrelated foster parent license, which has a Massachusetts residency requirement. Because the Burkes are no longer eligible to hold a license issued by DCF for this independent reason, they do not retain a personal stake in DCF's interpretation of the separate foster parent licensing requirements challenged in this action. There is no effectual relief that this Court could grant to the Burkes on their official capacity claims where they are categorically unable to be licensed as foster parents in Massachusetts. Nor does any recognized exception to mootness apply to the facts of this case. Accordingly, the Complaint should be dismissed in its entirety as to the Official Capacity Defendants.

Because issues of mootness should be brought to the court "without delay," *Nat'l Ass'n of Gov't Emps., Inc. v. Yellen*, 120 F.4th 904, 907 (1st Cir. 2024), and because this motion will substantially narrow the issues for summary judgment, the Official Capacity Defendants respectfully request that this motion be set for hearing in advance of summary judgment briefing set to begin November 1, 2025 (*see* ECF No. 107) and/or that summary judgment deadlines as to the official capacity claims be extended until after the Court's adjudication of this motion.

In support of this motion, the Official Capacity Defendants rely upon their Memorandum of Law, filed contemporaneously with this motion.

[*signature block on following page*]

        Respectfully Submitted,

        OFFICIAL CAPACITY DEFENDANTS

        By and through their Attorneys,

        ANDREA JOY CAMPBELL
        ATTORNEY GENERAL

        <u>/s/ *Michael Shiposh*</u>
        Michael Shiposh (BBO No. 680131)
        Benjamin E. Bryant (BBO No. 714077)
        Grace Gohlke (BBO No. 704218)
        Assistant Attorneys General
        One Ashburton Place
        Boston, MA 02108
        (617) 963-2388, 2275, or 2527
        michael.shiposh@mass.gov
        benjamin.e.bryant@mass.gov
        grace.gohlke@mass.gov

Dated: August 29, 2025

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1(a)(2)**

    I certify that, on August 29, 2025, I conferred with counsel for the plaintiffs by videoconference but was unable to narrow the issues or reach agreement on this motion.

                                                             */s/ Michael Shiposh*
                                                             Assistant Attorney General

**CERTIFICATE OF SERVICE**

    I certify that this document, filed through the Court's ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants by first-class mail on August 29, 2025.

                                                             */s/ Grace Gohlke*
                                                            Assistant Attorney General