# EXHIBIT E

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MICHAEL and CATHERINE BURKE, | CIVIL ACTION |
| Plaintiffs, | No. 3:23-cv-11798-MGM |
| v. | **PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES** |
| KATE WALSH, in her official capacity as Secretary of the Massachusetts Executive Office of Health and Human Services, *et al.* | |
| Defendants. | |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs Michael and Catherine Burke submit the following Responses to Defendant's First Set of Interrogatories.

Plaintiffs make this response without conceding the relevance or materiality of any Interrogatory and without prejudice to their right to object to admissibility at trial with respect to the subject matter of any discovery request. The word usage and sentence structure are that of the attorneys who drafted these responses, and the language does not purport to be the exact language of the responding party.

Plaintiffs make certain General Objections, incorporated by reference into the response made with respect to each Interrogatory as described below, with specific objections made on an individual basis to each Interrogatory below. These objections and responses are based on information currently known and reasonably available to Plaintiffs. Their responses are made without prejudice to their right to rely on, at any time, including at trial, subsequently discovered information or information omitted from this response due to mistake, error, oversight, or inadvertence. Plaintiffs will

**1**

supplement these objections and responses if they learn of additional or different responsive information. No incidental or implied admissions are intended by these responses. The fact that Plaintiffs respond or make objections to any Interrogatory should not be taken as an admission that they accept the existence of any "facts" set forth or assumed by such Interrogatory.

## **GENERAL OBJECTIONS**

1. Plaintiffs object to the interrogatories to the extent they seek to impose obligations beyond those required by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Massachusetts.

2. Plaintiffs object to the interrogatories to the extent they seek disclosure of information or communications protected by any evidentiary privilege, including but not limited to the attorney-client privilege, the work product doctrine, or the marital communications privilege. The inadvertent or unintentional disclosure by Plaintiffs of material or information covered by any privilege or immunity shall not be deemed a waiver of such protection.

3. Plaintiffs object to the interrogatories to the extent they are overbroad, unduly burdensome, duplicative, and/or oppressive.

4. Plaintiffs object to the interrogatories to the extent they are, or incorporate terms that are undefined, vague, ambiguous, impermissibly imprecise, or otherwise unintelligible.

5. Plaintiffs object to the interrogatories to the extent they seek legal conclusions or analysis.

6. Plaintiffs object that the interrogatories lack a clear timeframe, rendering them overbroad, unduly burdensome, disproportionate to the needs of the case, and not likely to lead to the discovery of admissible, relevant evidence. Unless

**2**

otherwise stated, Plaintiffs will interpret these interrogatories to be limited to a time frame of December 1, 2021 to August 7, 2023.

## INTERROGATORIES

**INTERROGATORY NO. 1:** If you, or you and your spouse, have ever applied to adopt a child, other than the application to DCF at issue in this lawsuit, please identify the adoption agency, your primary contact at the adoption agency, the date of the application, the total actual or anticipated cost of the application and licensure process, if any, and how you paid for it or any portion of it, and the outcome of the adoption application (e.g., whether the application was granted or rejected, and whether you proceeded with the adoption, and, if not, why).

**ANSWER:** Plaintiffs object that this interrogatory is compound and contains at least three discrete subparts. Plaintiffs object to the degree this interrogatory seeks information that was unknown to Defendants at the time of their decision and therefore could not have been a factor in their decisionmaking. Subject to and without waiving any objections, Plaintiffs refer Defendants to BURKE0000001–305, BURKE0000605, and BURKE0000654–689.

The funds used to pay for the prior adoption application came from the Burkes' personal savings and contributions from their family members, friends, and a private fundraiser. The Burkes expended approximately $6,000 and expected that expenses would be at least another $85,000 to complete the adoption process.

Although the Burkes were approved to adopt a child, they had not yet been matched with a child, and they were unable to afford the additional expenses that would be required to complete an adoption.

**INTERROGATORY NO. 2:** Have you ever spoken to any of the Defendants in this lawsuit at any time? If so, state the name of the Defendant with whom you spoke, identify any other person present, the date or approximate date of the conversation, and the substance of the conversation to the best of your recollection, including all statements made by you and/or by the Defendant(s), and by any other persons present.

**3**

**ANSWER:** Plaintiffs object that the interrogatory is unduly burdensome, in that it asks for multiple conversations over a long period that may or may not have any bearing on the issues in this case. Subject to and without waiving any objections, Plaintiffs direct Defendants to DCF-BURKE-000001–161, and BURKE0001186, which identify the conversations, their dates, and their substance.

**INTERROGATORY NO. 3:** State whether or not you have made any statement (written or oral) about any matter set forth in the Complaint. If the answer is yes, state the substance of those statements, the dates on which the statements were made, to whom they were made, and the name(s) of all individuals present when said statements were made. Pursuant to Fed. R. Civ. P. 34, produce a copy of the statement if you possess it.

**ANSWER:** Plaintiffs object that the interrogatory is vague, overbroad, unduly burdensome, and not proportional to the needs of the case as it seeks discussions regarding "any matter" in the complaint. This would require Plaintiffs to recount and detail conversations about matters such as basic personal facts, their marriage, their employment and education histories, their families, and other matters not in dispute. This interrogatory would further require Plaintiffs to catalogue years' worth of conversations with family and friends regarding not only their DCF application but also their prior adoption application, their faith, and personal histories. Plaintiffs further object to this interrogatory to the extent it implicates communications protected by attorney-client privilege, marital communications privilege, or any other privilege, as this interrogatory would require Plaintiffs to recount every communication with counsel regarding this case and numerous spousal communications. Further, Plaintiffs object on the ground that the requested material is irrelevant. The issue in this case is why Defendants refused to approve Plaintiffs as foster parents. Only Defendants can answer that question, and the answer is in their possession, custody, or control.

Subject to and without waiving any objections, Plaintiffs construe this request to apply only to public statements given to the media. Plaintiffs refer Defendants to BURKE0000596–604, which contain Plaintiffs' public statements regarding the case and their application with DCF. Plaintiffs further state that they discussed the denial of their foster care license on Fox News with Martha McCallum on August 9, 2023.

**INTERROGATORY NO. 4:** Identify any and all communications you have had with any adoption agencies (other than DCF) about the possibility of adopting a child who does or may in the future identify as LGBTQIA+.

**4**

**ANSWER:** Plaintiffs object to this interrogatory to the extent it is duplicative of Interrogatory No. 1. Further, Plaintiffs object on the ground that the requested material is irrelevant. The issue in this case is why Defendants refused to approve Plaintiffs as foster parents. Only Defendants can answer that question, and the answer is in their possession, custody, or control.

Subject to and without waiving any objections, Plaintiffs incorporate their answer to Interrogatory No. 1. Plaintiffs further state that during their home study with A Full Circle Adoptions, the social worker asked Plaintiffs how they would respond to an adopted child who came out to Plaintiffs as LGBTQIA+. Plaintiffs' response to that social worker was materially identical to the response they gave to Linda-Jeanne Mack during the home study she conducted on DCF's behalf.

**INTERROGATORY NO. 5:** Identify any and all documents, communications, audio recordings, videos, and/or writings that refer to any matter set forth in the Complaint, including but not limited to blog posts, correspondence, videos, social media posts, diaries, documentaries, essays, letters, books, or interviews. These records need not be created by you; identify any if they refer to you and you are aware of them. Pursuant to Fed. R. Civ. P. 34, produce copies of all written and/or recorded (audio and video) statements or, if they are not in your possession and control, identify each person with possession, custody or control of any such statement (written/oral/audio recording/video recording).

**ANSWER:** Plaintiffs object that this interrogatory is overbroad, unduly burdensome, and not proportional to the needs of the case, as it asks for a wide variety of documents and communications—regardless of whether they were made by Plaintiffs or are within their custody or control—and would require Plaintiffs to recount, search for, and produce documents regarding matters such as basic personal facts, their marriage, their employment and education histories, their families, their faith, and other matters not in dispute. This interrogatory would also require Plaintiffs to search years' worth of communications with family and friends regarding not only their DCF application but also their prior adoption application, their faith, and personal histories. Plaintiffs further object to this interrogatory to the extent it is duplicative of Interrogatory No. 3. Plaintiffs further object to this interrogatory to the extent it implicates documents or communications subject to a privilege, including the attorney-client privilege or marital communications privilege. Given the tremendous overbreadth of this request,

**5**

responsive documents are being withheld on the basis of these objections.

Subject to and without waiving any objections, Plaintiffs incorporate their response to Interrogatory No. 3. Plaintiffs further refer Defendants to BURKE0001142. Plaintiffs will supplement this response as their search for responsive information continues.

**INTERROGATORY NO. 6:** If you believe that any individual Defendant or employee of DCF made discriminatory statements, whether written or verbal, about your religion, your religious beliefs, or your faith, identify each statement, its author, it contents, and the date that the statement was made. Pursuant to Fed. R. Civ. P. 34, produce a copy of the statement if you possess it.

**ANSWER:** Plaintiffs object that this interrogatory requests information not within Plaintiffs' control, that discovery is still ongoing and additional responsive documents may be found, and that Plaintiffs require additional factual development regarding the specific statements and positions taken during the DCF License Review Team's discussion of the Burkes before responding to this interrogatory.

Subject to and without waiving any objections, Plaintiffs refer Defendants to DCF-BURKE-000001 and the statements contained therein, particularly those identified at paragraphs 124, 127, 138, and 142 of the Verified Complaint. Plaintiffs further refer Defendants to DCF-BURKE-004335, DCF-BURKE-007044, DCF-BURKE-007142, DCF-BURKE-007305 and the statements contained therein.

**INTERROGATORY NO. 7:** Identify each person you expect to identify as an expert witness, and/or to call as an expert witness at trial, for this lawsuit, and for each such person, set forth their name, address, CV, and the topic(s) on which you expect them to testify. Please note that, pursuant to Fed. R. Civ. P. 26(a)(2(A), this request is not premature. *See, e.g., Williams v. Monarch Mach. Tool Co.*, 26 F.3d 228, 229 (1st Cir. 1994) (noting that, "[a]s is common in cases where experts are anticipated, interrogatories under Fed. R. Civ. P. 26 were employed by the parties to identify

**6**

experts and their expected testimony."). Pursuant to Fed. R. Civ. P. 34, if the expert(s) have already generated an expert report, produce a copy of the report.

**ANSWER:** Without waiving any General Objections, Plaintiffs state that they have not yet identified any experts for use in this lawsuit. Plaintiffs further state that they will update this response as it becomes necessary.

**INTERROGATORY NO. 8:** Identify with specificity what "Catholic beliefs about marriage and sexuality" that you "uphold," as alleged in paragraph 6 of the Complaint.

**ANSWER:** Subject to and without waiving any General Objections, Plaintiffs state that the Catholic Church teaches that "[t]he matrimonial covenant, by which a man and a woman establish between themselves a partnership of the whole of life, is by its nature ordered toward the good of the spouses and the procreation and education of offspring; this covenant between baptized persons has been raised by Christ the Lord to the dignity of a sacrament." *See* Catechism of the Catholic Church §1601. "These two meanings or values of marriage cannot be separated without altering the couple's spiritual life and compromising the goods of marriage and the future of the family." *Id*. §2363.

**INTERROGATORY NO. 9:** State the basis for your contention that requiring foster families to support and respect a child's sexual orientation or gender identity acts as an absolute bar for Catholics who agree with the Church's teachings on sex, marriage, and gender, as alleged in paragraph 9 of the Complaint.

**ANSWER:** Plaintiffs object to this interrogatory to the extent it mischaracterizes or misstates Plaintiffs' allegation in paragraph 9 of their verified complaint. Plaintiffs further object that this interrogatory is improper to the extent it seeks a "pure conclusion[] of law," which is "beyond the scope of Rule 33(a)(2)." *Martin v. Evans*, No. 16-cv-11362, 2018 WL 10247394, at *2 (D. Mass. Feb. 6, 2018).

Subject to and without waiving any objections, Plaintiffs respond that, to the extent that DCF has interpreted 110 CMR 7.104(1)(d) to exclude foster families who hold similar beliefs regarding sexuality, marriage, and gender identity; to exclude foster parents who will not assist, and/or participate in a gender transition for a foster or adoptive child; to exclude foster parents who believe and/or state their beliefs that sexual relationships should be within a marriage; and/or to exclude foster families who

**7**

believe and/or state their belief that marriage should be between a man and a woman; that construction prohibits members of faith groups who hold such beliefs from serving as foster parents.

**INTERROGATORY NO. 10:** Identify with specificity your views about "human sexuality" that are held by "many Muslims, Jews, Protestant Christians, and other groups who have similar religious teachings," as you contend in paragraph 14 of the Complaint.

**ANSWER:** Plaintiffs object to this interrogatory to the extent it is duplicative of Interrogatory No. 9. Without waiving this or any General Objections, Plaintiffs incorporate their answer to Interrogatory No. 9.

**INTERROGATORY NO. 11:** State the basis for your contention in paragraph 86 of the Complaint that DCF has determined that there are "right answers" to the "sample questions" listed in paragraph 85 of the Complaint.

**ANSWER:** Plaintiffs object to this interrogatory to the extent it mischaracterizes or misstates Plaintiffs' allegation in paragraphs 85 and 86 of their verified complaint. Plaintiffs object that this contention interrogatory is premature and reserve the right to supplement their response as they learn more information through discovery.

Subject to and without waiving any objections, Plaintiffs respond that they contend that the use of these questions, the method for interpreting a prospective family's answers, and the method for ensuring that those answers satisfy DCF's understanding of the phrase "supporting and respecting" as articulated in 110 CMR 7.104(1)(d), are not governed by any clear standard, and defendants' actions and statements in this case indicate the existence of some understanding or agreement that certain statements or beliefs are prohibited, even though not stated in the rule itself.

**INTERROGATORY NO. 12:** State whether any of the named Defendants in this lawsuit participated in or interacted with you or your spouse during the "Western MAPP Training" referred to in paragraphs 103-105 of the Complaint.

**8**

**ANSWER:** Subject to and without waiving any objections, Plaintiffs respond that no Defendants participated in or interacted with either Plaintiff during the Western MAPP Training course.

**INTERROGATORY NO. 13:** State how a person leads a "chaste life," a term used by Catherine Burke and referenced in paragraph 112 of the Complaint, according to your understanding of the term.

**ANSWER:** Plaintiffs object to this interrogatory to the extent it mischaracterizes or misstates Plaintiffs' allegation in paragraph 112 of their verified complaint. Plaintiffs further object to this interrogatory to the extent it is duplicative of Interrogatories No. 9 and 11. Subject to and without waiving these or any General Objections, Plaintiffs incorporate their answers to Interrogatories No. 9 and 11. Plaintiffs further state that a person leads a chaste life by acting in accordance with divine and natural laws regarding sexual conduct, as described in the Bible and the teachings of the Catholic Church. *See* Catechism of the Catholic Church §§ 2348-2359.

**INTERROGATORY NO. 14:** If you so contend, state the basis for your contention in paragraph 177 of the Complaint, that the "identity or individual characteristics" referenced in 110 CMR 7.111(4) include a child's race, sexual orientation, gender identity, religion, national origin, or skin color.

**ANSWER:** Plaintiffs object that this interrogatory is improper to the extent it seeks a "pure conclusion[] of law," which is "beyond the scope of Rule 33(a)(2)." *Martin v. Evans*, No. 16-cv-11362, 2018 WL 10247394, at *2 (D. Mass. Feb. 6, 2018). Plaintiffs object on the basis that discovery in this case is still ongoing, and further evidence regarding Defendants' interpretation and application of this provision may come to light. Subject to and without waiving any objections, Plaintiffs respond that 110 CMR 7.111(4) speaks for itself.

**INTERROGATORY NO. 15:** State the basis for your contention in paragraph 206 of the Complaint that the DCF License Review Team denied the Burkes' adoption license

**9**

application because of their religious views.

**ANSWER:** Plaintiffs object to this interrogatory to the extent it mischaracterizes or misstates Plaintiffs' allegation in paragraph 206 of their verified complaint. Plaintiffs object that discovery is still ongoing, and additional evidence may come to light.

Subject to and without waiving any objections, Plaintiffs respond that the DCF License Review Team stated in the Burkes' Family Resource License Study, DCF-Burke-000001–62, that its decision was "[b]ased on this family's beliefs about children who identify as LGBTQIA+." That same License Study explicitly recognized that the Burkes "cite their religious views as their primary reason for seeing LGBTQIA++ individuals this way." Plaintiffs further respond that in the Burkes' Foster Care Dictation Report, DCF-BURKE-000067–161, DCF recorded that the "issue(s) of concern for which the couple's license study was denied is based on the couple's statements/responses regarding placement of children who identified LGBTQIA." On a separate occasion, Dawn Sweetman wrote about the Burkes' "denial because of the families [sic] views on gay/lesbian/trans youth." DCF-BURKE-006238. The License Review Team and DCF did not amend, repudiate, or disavow such statements, but gave them legal effect with their denial of the Burkes' application.


**INTERROGATORY NO. 16:** If you contend that any individual member of the DCF

License Review Team specifically considered the Burkes' religious views and/or

Catholic faith when denying the Burkes' application for an adoption license application,

identify the individual member by name and state the factual basis for your contention.

**ANSWER:** Plaintiffs object to the extent this interrogatory mischaracterizes or misstates their complaint. Plaintiffs further object that this interrogatory requests information not within Plaintiffs' control and that Plaintiffs require additional factual development regarding the specific statements and positions taken during the DCF License Review Team's discussion of the Burkes before responding to this interrogatory. Plaintiffs further object to this interrogatory to the extent it is duplicative of Interrogatory 15.

Subject to and without waiving any objections, Plaintiffs incorporate their response to Interrogatory 15, noting that Anna Moynahan was the author of the comment on the Burkes' Family Resource License Study regarding the reason for Plaintiffs' denial. DCF-BURKE-000061. Tywanna Jones was the author of the notation in the Foster Care Dictation Report providing the reason for the Burkes' denial. DCF-BURKE-000067. Based upon the evidence known at this time, each of the members of the License Review Team personally participated in the decision to deny Plaintiffs' application, and none of them disavowed the statements or conclusions in the Burkes' license study or sought

**10**

to overturn that decision.

**INTERROGATORY NO. 17:** If you contend that any individual member of the DCF License Review Team has ever stated, written, or otherwise expressly professed a hostility to the Catholic faith, identify the individual member by name and state the factual basis for your contention.

**ANSWER:** Plaintiffs object to the extent this interrogatory mischaracterizes or misstates their complaint. Plaintiffs further object that this interrogatory requests information not within Plaintiffs' control and that Plaintiffs require additional factual development regarding the specific statements and positions taken by individual team members before responding to this interrogatory. Subject to and without waiving objections and based upon the evidence known at this time, each of the members of the License Review Team personally participated in the decision to deny Plaintiffs' application, and none of them disavowed the statements or conclusions in the Burkes' license study or sought to overturn that decision.

**INTERROGATORY NO. 18:** If you so contend, state the basis for your contention that DCF has granted waiver(s) to prospective foster parent(s) that allowed the parents to refuse to accept an adoptive child because of the child's race, sexual orientation, gender identity, religion, national origin, or skin color.

**ANSWER:** Plaintiffs object to this interrogatory to the extent that it mischaracterizes or misstates their complaint. Plaintiffs further object that this interrogatory requests information not within Plaintiffs' control and that discovery is still ongoing and Plaintiffs still require a full response to their discovery requests regarding the use of such exceptions.

Subject to and without waiving any objections, Plaintiffs respond that 110 CMR 7.111(4) contemplates such waivers. Plaintiffs further respond that DCF permits sex-based—which may include gender-identity-based—limitations on children who can be placed in a particular home. *See* 110 CMR 7.105(5). Plaintiffs further respond that DCF's training materials for foster parents provide, "If you don't feel you can care for an LGBTQ youth, share this information with your Family Resource Worker. It is vital

**11**

to a successful placement outcome that there be a good fit between you and the child placed with you." DCF-BURKE-000211. Plaintiffs further respond that the 2021 report from the Massachusetts Commission on Lesbian, Gay, Bisexual, Transgender, Queer, and Questioning Youth on LGBTQ youth in foster care notes that DCF's then-existent list of LGBTQ-affirming homes "contained only sixteen affirming homes across the state." DCF-BURKE-000248. The Report further stated that, "While DCF may hope that all of its homes are affirming, the agency has not taken steps to ensure that is the case." DCF-BURKE-000261. Plaintiffs further respond that the Western/Holyoke Recruitment Plan for 2023 notes that the area "has onboarded or will onboard approximately 9 new foster families," but that only "one new family" would begin MAPP training in July 2023 "that will consider children who identify as LGBTQ+." DCF-BURKE-002326. Plaintiffs further state that several other areas had goals to increase the number of LGBTQ-affirming homes, or racially equitable homes, in 2023. *See* DCF-BURKE-002232; DCF-BURKE-002316; DCF-BURKE-002357; DCF-BURKE-002365; DCF-BURKE-002372; DCF-BURKE-002392. Plaintiffs further respond that DCF's database contains multiple entries for licensed families that have requested limitations on the child they can take into their home based on age, disability, gender, and race. *See* DCF-BURKE-008169. And DCF has previously licensed at least one family who does "not feel equipped to support the needs of a LGBTQ child." DCF-BURKE-008171. Plaintiffs further state that they will supplement this response as further discovery makes necessary.

**INTERROGATORY NO. 19:** State the basis for your contention that DCF's policy to require that foster parents support and respect a child's sexual orientation and identity is discriminatory against people of the Catholic faith.

**ANSWER:** Plaintiffs object to this interrogatory to the extent that it mischaracterizes or misstates their position. Plaintiffs further object that this interrogatory is improper to the extent it seeks a "pure conclusion[] of law," which is "beyond the scope of Rule 33(a)(2)." *Martin v. Evans*, No. 16-cv-11362, 2018 WL 10247394, at *2 (D. Mass. Feb. 6, 2018). Plaintiffs object that discovery is still ongoing and additional evidence may come to light. Plaintiffs further object to this interrogatory to the extent it is duplicative of Interrogatory No. 9. Subject to and without waiving any objections, Plaintiffs incorporate their response to Interrogatory No. 9.

**INTERROGATORY NO. 20:** Identify all persons that have, or you believe may have, personal knowledge of any facts, claims, or defenses in this lawsuit.

**ANSWER:** Plaintiffs object that this interrogatory is overbroad, since it would require

Plaintiffs to identify "all" persons with knowledge of matters such as basic personal facts, their marriage, their employment and education histories, their families, actions taken prior to their DCF application, and other matters not in dispute. Subject to and without waiving any objections, Plaintiffs state that they believe the following individuals have or may have personal knowledge of any facts, claims, or defenses in this lawsuit:

- Plaintiff Michal Burke
- Plaintiff Catherine Burke
- Defendant Laurie Sullivan
- Defendant Anna Moynahan
- Defendant Theresa Harris
- Defendant Dawn Sweetman
- Defendant Tywanna Jones
- Defendant Caitlyn Levine
- Defendant Euphemia Molina
- Defendant Stacy Clark
- Defendant Luz Estrada
- Defendant Angel Emerson
- Sasha Heggie Jackson, Director of LGBTQIA+ Services at the Massachusetts Department of Children and Families
- Linda-Jeanne Mack, Assessment Writer at 18 Degrees
- Nicholas Garrett, Clinical Supervisor of Adoption Management Services at 18 Degrees

**13**

I, Michael Burke, declare under penalty of perjury that the foregoing factual responses are true and correct to the best of my knowledge.

Dated: _3/24/25_

Michael Burke

**14**

I, Catherine Burke, declare under penalty of perjury that the foregoing factual responses are true and correct to the best of my knowledge.

Dated: _3/24/2025_

_Catherine E Burke_

Catherine Burke

**15**

Dated: March 24, 2025

Respectfully submitted:


/s/ *Lori H. Windham*
Lori H. Windham*
DC Bar No. 501838
William J. Haun*
DC Bar No. 1024405
Benjamin A. Fleshman*
DC Bar No. 1781280
THE BECKET FUND FOR RELIGIOUS
LIBERTY
1919 Pennsylvania Ave. NW, Ste 400
Washington, DC 20006
lwindham@becketfund.org
(202) 955-0095

*Admitted Pro Hac Vice*

/s/ *Michael Gilleran*
Michael Gilleran
BBO No. 192210
Fisher Broyles, LLP
75 State Street
Suite 100
Boston, MA 02109
(781) 489-5680

*Counsel for Plaintiffs*

**16**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 24, 2025, the foregoing document was served on all counsel of record via e-mail. Counsel of record for all parties have consented to service of discovery documents via e-mail.

/s/ *Lori H. Windham*
Lori H. Windham
*Counsel for Plaintiff-Appellant*

Dated: March 24, 2025

**17**